UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA YANEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 2:24-cv-02285-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 10, 17) |

Plaintiff Veronica Yanez seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error as to Step Five and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings limited to the ALJ's Step Five analysis. The Commissioner agrees remand is warranted, but disagrees with Plaintiff about the scope of remand. Defendant filed a cross-motion for summary judgment, and seeks remand of the entire decision for further proceedings.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is GRANTED IN PART, and the final decision of the Commissioner is

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 6, 13, 14.)

REMANDED for further proceedings consistent with this order.

# I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to Step Five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at Step Five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of

review is a non-final agency action). At that point, the claimant may seek judicial review of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II.     FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On September 24, 2021, Plaintiff applied for disability insurance benefits and on September 30, 2021, Plaintiff applied for supplemental security income under Titles II and XVI of the Social Security Act, alleging she has been disabled since July 24, 2020. Administrative Transcript ("AT") 62, 302; *see* AT 17 (available at ECF No. 7). Plaintiff claimed disability due to neuropathy, anemia, nerve damage-in back; back-fractured lumbar; depression; anxiety; weakness in both legs; uses cane or wheelchair; and sciatic

nerve damage. AT 62. Plaintiff's applications were denied initially and upon reconsideration; she sought review before an ALJ. AT 61-88, 120-43, 192. Plaintiff appeared with a representative at a July 26, 2023 hearing before an ALJ, where Plaintiff testified about her impairments and a vocational expert testified about hypothetical available jobs in the national economy. AT 41-60.

On November 24, 2023, the ALJ issued a decision finding Plaintiff was not disabled. AT 17-29. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 24, 2020. AT 19. At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine and osteoarthritis of the knees. *Id.* At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any Listing. AT 22 (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s), 1.16 (lumbar spinal stenosis), and 1.18 (abnormality of a major joint(s) in any extremity) for Plaintiff's physical impairments.

The ALJ then found Plaintiff had the residual functional capacity to perform sedentary work (20 C.F.R. §§ 404.1567(a) and 416.967(a)), but with the following specific limitations:

> [T]he claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently; stand and walk for two hours in an eight-hour workday; requires a cane for walking; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; never work at heights or operate dangerous moving machinery; occasionally stoop and crouch; and never crawl.

AT 23.

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff was incapable of performing past relevant work. AT 27. However, at Step Five, the ALJ found Plaintiff capable of performing other jobs in the national economy, including: (i) document preparer, unskilled, sedentary, SVP 2, with 15,000 jobs nationally; (ii) ticket checker, unskilled, sedentary, SVP 2, with 6,400 jobs nationally; and

(iii) surveillance systems monitor, unskilled, sedentary, SVP 2, with 4,500 jobs nationally.[2] AT 28. Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 29.

On June 18, 2024, the Appeals Council rejected Plaintiff's appeal. AT 1-6. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 10, 17.)

**III.   ISSUES PRESENTED FOR REVIEW**

Plaintiff contends the ALJ erred at Step Five by relying on occupations believed to be obsolete. Pl. MSJ at 5 (ECF No. 10). Plaintiff seeks remand limited to Step Five. (ECF Nos. 10, 20.)

The Commissioner agrees that remand is appropriate, but seeks remand of the entire decision for further proceedings. Def. MSJ at 1 (ECF No. 17). Both parties agree that remand is warranted to address the ALJ's finding at Step Five. Pl. MSJ at 2, 10; Def. MSJ at 3, 7. The only issue is about the scope of remand.

**IV.   DISCUSSION**

   **A.   Step Five**

At Step Five, the ALJ must determine whether there are a significant number of jobs available for the claimant in the national economy considering the claimant's age, education, work experience, and residual functional capacity. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1560(c). In determining what constitutes a significant number of jobs, the Ninth Circuit has characterized 25,000 national jobs as "a close call" but ultimately sufficient. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). An ALJ's determination as to whether work exists in significant numbers must be supported by "substantial evidence," which "is more than a mere scintilla but

---

[2] "Sedentary" in the ALJ's step-five determination references sedentary work, as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a).
   "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.

less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 522 (quotation marks and citation omitted).

Here, the ALJ found Plaintiff capable of performing three jobs—document preparer, ticket checker, and surveillance systems monitor—which had a total of 25,900 jobs nationally. AT 28. Plaintiff argues that the document preparer and surveillance system monitor positions, which account for 19,500 of the positions, are believed not to exist in significant numbers. Pl. MSJ at 6 (citing Emergency Message (EM) 24027, Social Security Administration, https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM (last visited July 31, 2025)). EM 24027 states that an ALJ may not cite to these jobs to support finding a claimant not disabled without additional evidence showing the jobs is currently performed. EM 24027; *see* Pl. MSJ at 6. Plaintiff argues that without these two jobs, the number of jobs available is well below the 25,000 threshold that the Ninth Circuit has found to be a "close call." *Id.* at 7.

In response, Defendant agrees that remand is appropriate in this case.[3] Def. MSJ at 1, 3, 7.

Upon review of Plaintiff's argument, and considering that Defendant agrees remand is warranted, the Court concludes that there is not substantial evidence to support the ALJ's conclusion at Step Five that a significant number of national jobs exist that Plaintiff can perform. Thus, as explained below, the Court will remand this case for the limited purpose of addressing this issue.

**B.    Scope of Remand**

While the parties agree that remand is appropriate, they disagree as to the scope of remand. Plaintiff "seeks a narrow remand for the purpose of correcting the Step Five

---

[3] The Court notes that Plaintiff's discussion of what occurred during the parties' settlement negotiations is improper. *See* Pl. MSJ at 1-2, 8. The Court did not consider this portion of Plaintiff's argument in its determination of the parties' motions.

error raised in this appeal." Pl. MSJ at 7-8. Plaintiff argues that the Court should limit its remand only to the issue Plaintiff challenged. *Id.* Defendant argues that the Court should "issue a remand order that allows the agency to properly conduct the sequential disability and analysis on an updated record and open record." Def. MSJ at 7.

The majority of courts in this district addressing the same or similar issue have granted remand limited to Step Five. *See, e.g., De Jong v. Comm'r of Soc. Sec.*, 2024 WL 4437190, at *3-4 (E.D. Cal. Oct. 4, 2024) (addressing almost exactly the same issue and granting remand limited to Step Five after both parties agreed remand was warranted and the only dispute was the scope of remand); *Rhoades v. Comm'r of Soc. Sec.*, 2019 WL 2025517, at *2 (E.D. Cal. July 11, 2019) (same); *Valdez v. Comm'r of Soc. Sec.*, 2023 WL 2636377, at *3-4 (E.D. Cal. Mar. 24, 2024) (remanding for the limited purpose of reevaluating Step Five to determine whether there is a significant number of jobs available after finding two positions obsolete); *Rael v. Saul*, 2020 WL 5642368, at *5-6 (E.D. Cal. Sept. 22, 2020) (stating that the ALJ's findings at steps one through five were not in dispute and limiting remand "primarily for a proper determination on [Step Five], and recommend[ing] the ALJ investigate other issues only as absolutely necessary to a new decision" (citation omitted)); *Stone v. Saul*, 2020 WL 5535405, at *5-6 (E.D. Cal. Sept. 15, 2020) (same); *Shade v. Comm'r of Soc. Sec.*, 2020 WL 2556753, at *4-5 (E.D. Cal. May 20, 2020) (limiting the scope of remand to reconsideration of Step Five only, where dispute was about the number of jobs available nationally). The Court finds these decisions persuasive. The ALJ's determination on Steps One through Four is not in dispute, and the issue here is limited to the ALJ's determination at Step Five. Thus, the Court finds it appropriate to remand only on this issue rather than an open record.

Defendant also argues that Plaintiff meets the insured status requirement in her Title II claim through December 31, 2025, but the ALJ decided Plaintiff's claim through November 24, 2023, and there may be additional evidence. Def. MSJ at 4. Defendant states that it is inappropriate for a court to force an ALJ to ignore updated evidence on

7

remand. *Id.* However, Plaintiff is only requesting that the Court "not affirmatively empower the ALJ to re-adjudicate unchallenged findings *through the date of the last decision*." Pl. Reply at 2 (ECF No. 20) (emphasis added). As outlined below, the Court will instruct the ALJ to reconsider the Step Five finding through the date of the ALJ's decision, which will avoid the concern Defendant raises. *See De Jong*, 2024 WL 4437190, at *4.

## V.  CONCLUSION

The Court concludes that, consistent with the parties' agreement that remand is appropriate, there is not substantial evidence to support the ALJ's conclusion at Step Five, and the ALJ's error warrants a remand on only the Step Five issue and not an open record.

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 10) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 17) is GRANTED IN PART;
3. The Clerk of the Court shall enter judgment for Plaintiff; and
4. This matter is remanded for further administrative proceedings. Specifically, the ALJ is directed to again consider whether there are a substantial number of jobs available that Plaintiff can perform in connection with Step Five up to the date of the decision that Plaintiff challenges. The ALJ is not permitted to reconsider previous findings unrelated to Step Five, such as redetermining Plaintiff's residual functional capacity. However, this order does not constrain the ALJ's decision-making role for any unadjudicated period.

Dated:  August 4, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, yane.2285.24